UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 4:15-cr-00028-TWP-VTW-5 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| STEVEN COCKERELL | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:15-cr-00028-TWP-VTW-5 |
| STEVEN COCKERELL, | ) ) ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on a Motion for Compassionate Release filed by Defendant Steven Cockerell ("Cockerell") under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A) (Dkt. 1132). For the reasons explained below, his motion is **denied**.

## I. BACKGROUND

In April 2017, Cockerell pled guilty to conspiracy to distribute 500 grams or more of methamphetamine and one kilogram or more of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Dkt. 496; Dkt. 634 at 1.) According to the presentence investigation report, Cockerell conspired with the leader of a large-scale drug trafficking organization and served as a high-volume distributor of methamphetamine and heroin pursuant to that conspiracy. (Dkt. 432 at 5.) In furtherance of his business, Cockerell operated several "trap houses" in the Portland area of Louisville, Kentucky, and at least five individuals conducted drug distribution activities on behalf of Cockerell, including other members of his family. *Id.* During raids on his trap houses, car, and storage units, law enforcement officials found large amounts of methamphetamine, heroin, and cash. *Id.* According to the United States Sentencing Guidelines ("U.S.S.G."), Cockerell faced a

2

guidelines range of 235 to 239 months of imprisonment. (Dkt. 635 at 1.) The Court sentenced him to 235 months of imprisonment followed by 5 years of supervised release. (Dkt. 634 at 2–3.)

On January 15, 2024, Cockerell filed a Motion for Reduction in Sentence, (Dkt. 1130), which the Court construed as a motion seeking relief under two different statutory provisions. The motion sought a sentence reduction under 18 U.S.C. §3582(c)(2) based on the terms of Amendment 821 to the U.S.S.G. and for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Cockerell's motion for reduction in sentence based on Amendment 821 to the U.S.S.G. was granted on April 15, 2024, and reduced his sentence to 210 months. (Dkt. 1149.) The Bureau of Prisons ("BOP") lists Cockerell's anticipated release date (with good-conduct time included) as November 7, 2029. https://www.bop.gov/inmateloc/ (last visited April 18, 2024).

Concerning his instant *pro se* motion for compassionate release, (Dkt. 1132), Cockerell argues that he establishes extraordinary and compelling reasons for compassionate release because (1) a change in the law has created a disparity between the sentence he is serving and the sentence he would receive today; (2) he has undergone substantial rehabilitation while incarcerated; and (3) the COVID-19 pandemic has resulted in substantial risk of serious illness and unduly harsh living conditions in BOP. (Dkt. 1132 at 18.) The Court has concluded that it can resolve the motion for compassionate release without a response from the United States.

## II.     DISCUSSION

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have

broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

Cockerell contends that the disparity between the sentence he received and the sentence he might receive if he was sentenced today establishes an extraordinary and compelling reason to release him. For this argument, Cockerell relies on recent amendments to the sentencing guidelines which identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last visited February 1, 2024). One such new circumstance is related to defendants who received an "unusually long sentence":

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

The only change in the law mentioned by Cockerell in his motion is Amendment 821 to the sentencing guidelines. Because the Court granted relief under that provision, Cockerell already

4

received the benefit of this amendment, and the sentence he is currently serving is in line with the terms of that amendment. For that reason, Amendment 821 does not constitute a change in the law that has produced a disparity between the sentence he is serving and the sentence he would receive today. Moreover, Cockerell has not yet served 10 years of his term of imprisonment and, therefore, has not met the requirements of this section necessary to establish extraordinary and compelling reasons potentially warranting a sentence reduction. For these reasons, the Court finds that Cockerell has not carried his burden to show that his contention that he might receive a lower sentence if sentenced today establishes an extraordinary and compelling reason to release him, whether considered alone or together with any other reason.

Cockerell's next reason for requesting a sentence reduction—the risk to his physical health presented by the COVID-19 pandemic—is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. The Seventh Circuit has said that

> for the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release.

*United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Cockerell has presented no evidence whether or not he is vaccinated and has presented no evidence that he is unable to receive or benefit from the vaccine.

Additionally, Cockerell "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). He has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Cochran*, 2022 WL 1236336, at *1 (7th Cir. Jan. 18, 2022); *United States v. Hoskins*, 2022 WL

2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population). If a prisoner "would remain at comparable risk outside prison, the possibility of infection cannot be described as an 'extraordinary and compelling' consideration supporting release." *United States v. Vaughn*, 62 F.4th 1071, 1072 (7th Cir. 2023); *see also United States v. Santana-Cabrera*, 2023 WL 2674363, at *2 (7th Cir. Mar. 29, 2023). For these reasons, the Court finds that Cockerell has not carried his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A), whether considered alone or in combination with any other factor. *Barbee*, 25 F.4th at 533; *Vaughn*, 62 F.4th at 1072.[1]

Cockerell also argues that the conditions in the BOP due to the COVID-19 pandemic, including lack of health care services, facilities, and personnel sufficient to keep him safe from disease, have subjected him to unduly harsh terms of incarceration. (Dkt. 1132 at 10–12.) Allegations that the BOP has failed to provide protection from COVID-19 and subjected him to inadequate conditions thereby violating Cockerell's constitutional rights might form the basis for relief in a civil suit, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up).

---

[1] The United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. U.S.S.G. 1B1.13 (Nov. 2023). The Court notes that one such circumstance relates to outbreak of infectious disease in prisons. Cockerell does not meet the criteria for that extraordinary and compelling reason either. *See* U.S.S.G. 1B1.13(b)(1)(D) (Nov. 2023).

Further, every inmate at the facilities in which Cockerell has served his sentence, and indeed, many inmates across the country, have dealt with similar issues due to the pandemic over the past few years. Cockerell has simply not shown that his situation is extraordinary as compared to other inmates. *United States v. Khelifi*, No. 21-3144, 2022 WL 3925623, at *1 (7th Cir. Aug. 31, 2022) (finding no extraordinary and compelling circumstances where prisoner did not provide individualized evidence for his argument that his prison mishandled the risks of the pandemic). Accordingly, the Court declines to exercise its discretion to find that Cockerell carried his burden to show that this is an extraordinary and compelling reason for release, whether considered alone or in conjunction with any other reason.

That leaves Cockerell with one potentially extraordinary and compelling reason for a sentence reduction—his rehabilitation. While the strides Cockerell has made in prison are commendable, rehabilitation alone cannot be an extraordinary and compelling reason to reduce his sentence. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d) (Nov. 2023); *United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme. . . . [R]ehabilitation cannot serve as a standalone reason for compassionate release.") (cleaned up). The Court finds Cockerell's rehabilitation, whether considered alone or in conjunction with any other reason, is not an extraordinary and compelling reason to grant him compassionate release.

Even if the Court were to assume that Cockerell had established an extraordinary and compelling reason, the Court would nevertheless find that Cockerell is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[2] Weighing in his favor, he has engaged in a substantial amount of programming while in

---

[2] These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and

BOP (Dkt. 1132-1 at 2).  He would have the support of family if he were released.  *Id.* at 14.  Weighing against him, he committed a serious crime.  He was the high-level distributor in a large-scale drug trafficking operation (Dkt. 432 at 5).  He also has an extensive criminal history consisting of five prior felony convictions including burglary, auto theft, and possession of a controlled substance and multiple misdemeanor convictions including a domestic violence conviction (Dkt. 432 at 7–8).  Further, Cockerell is not scheduled to be released from prison until November 2029; therefore, releasing him now would be a substantial reduction in his sentence.

In light of these considerations, the Court finds that releasing Cockerell early would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes.  *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)].  One good reason for denying a motion such as [defendant's] is enough; more would be otiose.").

### III.   CONCLUSION

For the reasons stated above, Cockerell's Motion for Compassionate Release, Dkt. [1132], is **DENIED**.

**SO ORDERED.**

Date: 4/22/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

---

to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a).

DISTRIBUTION:

Steven Cockerell, #13863-028
FCI Manchester
Federal Correctional Institution
P.O. Box 4000
Manchester, Kentucky  40962

Barry D. Glickman
UNITED STATES ATTORNEY'S OFFICE
barry.glickman@usdoj.gov

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE
lara.langeneckert@btlaw.com

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE
william.mccoskey@usdoj.gov